# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**MYNOR JOSUE FERNANDEZ ALFARO,** also known as "Mino,"<br><br>Defendant. | CRIMINAL NO.  24-CR-119 (ACR)<br><br>VIOLATIONS:<br>21 U.S.C. § 846<br>(Conspiracy to Distribute and Possess with Intent to Distribute More than Forty Grams or More of Fentanyl)<br><br>FORFEITURE:<br>21 U.S.C. §§ 853(a) and (p) |

## I N F O R M A T I O N

The United States Attorney charges that:

### COUNT ONE

From on or about January 28, 2023, and continuing to at least August 3, 2023, within the District of Columbia and elsewhere, **MYNOR JOSUE FERNANDEZ ALFARO, also known as "Mino,"** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the United States, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance, and the amount of said mixture and substance was forty grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi).

(**Conspiracy to Distribute and Possess with Intent to Distribute Forty Grams or More of Fentanyl**, in violation of Title 21, United States Code, Section 846)

### FORFEITURE ALLEGATION

1.      Upon conviction of either of the offenses alleged in Count One of this Information, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these

offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

    2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ Gaelin S. Bernstein*
Gaelin S. Bernstein
Trial Attorney
N.Y. Bar No. 6081079
United States Attorney's Office
Violence Reduction & Trafficking Offenses Section
601 D St., N.W., Fifth Floor
Washington, D.C. 20530
Office: 202-252-6743
gaelin.bernstein2@usdoj.gov